In the Matter of MAX WEISLER, an Attorney, Resignor.

Second Department, March 23, 1992

## APPEARANCES OF COUNSEL

*Farrell, Fritz, Caemmerer, Cleary, Barnosky & Armentano (John M. Armentano* of counsel), for resignor.

*Frank A. Finnerty, Jr.,* for Grievance Committee for the Tenth Judicial District.

## OPINION OF THE COURT

Per Curiam.

Max Weisler has submitted an affidavit dated November 13, 1991, tendering his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Weisler was admitted to the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on December 19, 1956.

Mr. Weisler acknowledges that he is the subject of an investigation by the Grievance Committee for the Tenth Judicial District concerning allegations of professional misconduct, specifically that he misused funds from his escrow account.

Mr. Weisler indicates that his resignation is freely and voluntarily tendered; that he is not being subject to coercion or duress; that he is fully aware of the implications of submitting his resignation; and that he could not successfully defend himself on the merits against disciplinary charges based upon the aforementioned allegations.

Mr. Weisler further acknowledges that he could be required, pursuant to Judiciary Law § 90 (6-a), to make monetary restitution to any person whose money or property has been misapplied in the event that it should subsequently be found that he failed to properly account for all of the escrow funds. He specifically waived the opportunity to be heard in opposition to any order of restitution.

The Chief Counsel for the Grievance Committee recommends that the court accept the resignation.

Under the circumstances, the resignation of Max Weisler as a member of the Bar is accepted and directed to be filed. Accordingly, Max Weisler is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and ROSENBLATT, JJ., concur.

Ordered that the resignation of Max Weisler is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Max Weisler is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Max Weisler shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Max Weisler is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any

advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a) and (b), Max Weisler is directed to make restitution in the amounts set forth to the following persons whose money or property he willfully misappropriated or misapplied, less the amount of any awards to those persons by the Lawyers' Fund for Client Protection arising out of said misappropriation or misapplication:

1) $26,000 to M & L Brokaw Bros.;

2) $30,000 to Stephen J. Sabbeth;

3) $29,200 to 1360 Ocean Avenue Associates; and,

4) $23,270.76 to James Cmaylo;

and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (a), the respondent shall reimburse the Lawyers' Fund for Client Protection of the State of New York for any awards made to the persons whose money or property he willfully misappropriated or misapplied; and it is further,

Ordered that pursuant to Judiciary Law § 90 (6-a) (d), this order may be entered as a civil judgment and such judgment shall be enforceable as a money judgment in any court of competent jurisdiction by any person to whom payments are due hereunder in the amount set forth herein less any amount reimbursed by the Lawyers' Fund for Client Protection, or by the Lawyers' Fund for Client Protection where it has been subrogated to the rights of such person.